UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WINDY LUCIUS,

       Plaintiff,

v.

BLU SCARPA INC.

       Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

    Plaintiff, WINDY LUCIUS, ("Plaintiff"), hereby sues the Defendant, BLU SCARPA INC., ("Defendant"), a Florida for Profit Corporation, for Injunctive Relief, attorney's fees, litigation expenses and costs, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12181-12189 ("ADA").

    1.    Plaintiff, WINDY LUCIUS is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is blind and therefore unable to fully engage in and enjoy the major life activity of seeing.

    2.    Plaintiff uses the internet and a mobile device to help her navigate a world of goods, products and services like the sighted. The internet, websites and mobile applications provide her a window into the world that she would not otherwise have. She brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website

information which is specifically designed for the visually impaired.

3. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

4. Defendant, BLU SCARPA INC, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, or leases is located in Miami-Dade County.

5. Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, a website located at https://bluscarpa.com (hereinafter "website"). Defendant is the owner, operator, lessor and/or lessee of the website. This website supports, is an extension of, is in conjunction with, is complementary and supplemental to, the above-referenced public accommodation. This website provides information about Defendant's public accommodation, including information about the special sales, goods, services, accommodations, privileges, benefits and facilities available to patrons at physical locations. On information and belief, Defendant also continually and/or periodically updates and maintains the website.

6. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

7. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

9. The website is an extension of Defendant's place of public accommodation. By and through this website, Defendant extends its public accommodation into individual persons' homes, portable devices and personal computers wherever located. The website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's place of accommodation. The website also provides access to the goods, services, facilities, privileges, advantages or accommodations of the place of public accommodation. For example, the website provides a list of products, locations, services available, as well as all the option to make online appointments, and contact them. Defendant's website provides access to benefits of Defendant's physical stores and Plaintiff was denied those benefits when she could not access Defendant's mobile website. As such, the website has integrated with and is a nexus to the Miami Design District location. Therefore, it is governed by the following provisions:

    a. 42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

    b. 42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

    c. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the

opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

   d. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

   e. 42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

   f. 42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

   g. 42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

   h. 42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to

take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]'

10. As the owner or operator of the subject website, Defendant is required to comply with the ADA and the provisions cited above. This includes an obligation to create and maintain a website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the website and the content therein, including the ability to make an appointment through the website, and contact the desired location.

11. Plaintiff attempted to access and/or utilize Defendant's mobile website to test for accessibility, but was unable to, and she continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i. Guideline 1.1.1 – Non-Text Content is violated. Text alternatives for non-text content are provided. For example, Multiple unlabeled images are announced after the Shop All element. For example, the first image in the screenshot is announced as "untitled 1350 x.jpg image."

ii. Guideline 3.3.2 – Labels or Instructions is violated. Elements are labeled and give instructions. Multiple unlabeled buttons are announced at the top of each product page. For example, on the La Crema Tennis' product page, "button" was announced five times, so users immediately hear five unlabeled elements on each product page and cannot tell what they are missing or the purpose of these buttons.

iii. Guideline 4.1.2 – Name, Role, Value is violated. All elements are built for accessibility. For example, the 'Cart' icon isn't labeled. It's announced as just "? Link.".

    iv.    Guideline 1.4.5 – Images of Text. Website doesn't use images of text (screen readers are unable to read). For example, the size charts are only available as images. None of the sizing content in any of the charts is announce.

    v.    Guideline 4.1.3 – Status Messages. If a status message is presented and focus is not set to that message, then the message must be announced to screen reader users. The cart count updates when an item is added to the cart, but it's not announced. After a mobile SRU adds an item to the cart, then the focus moves to the price which is announced again.

12. Plaintiff continues to attempt to utilize the website and/or plans to continue to attempt to utilize the website in the near future. In the alternative, Plaintiff intends to monitor the website in the near future, as a tester, to ascertain whether it has been updated to interact properly with screen reader software.

13. As more specifically set forth above, Defendant has violated the above cited provisions of the ADA by failing to interface its website with software utilized by visually impaired individuals. Thus, Defendant has violated the following provisions either directly or through contractual, licensing or other arrangements with respect to Plaintiff and other similarly situated individuals on the basis of their disability:

    a.    by depriving her of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42U.S.C. § 12182(a));

    b.    in the denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

    c.    in affording her the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

    d.    by providing her a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such

action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others (42 U.S.C. § 12182(b)(1)(A)(iii));

      e.    by failing to afford her goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the individual (42 U.S.C. § 12182(b)(1)(B));

      f.    notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying her the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

      g.    by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(2)(ii)); and,

      h.    by a failure to take such steps as may be necessary to ensure that they are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden (42 U.S.C. § 12182(b)(2)(iii)).

14.    Plaintiff desires to continue to test Defendant's mobile website for accessibility. Specifically, she would like to test whether she can book an appointment online; test whether she can determine what is available for her purchasing, and test what promotions are being offered and what new items are currently available. In that regard, Plaintiff continues to attempt to utilize the

website and/or plans to continue to attempt to utilize the website on a monthly basis to test whether she can make selections for purchasing online or in the store.

15. Plaintiff is continuously aware of the violations at Defendant's website and is aware that it would be a futile gesture to attempt to utilize the website as long as those violations exist unless she is willing to suffer additional discrimination.

16. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate its website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's website and knowing that it would be a futile gesture to attempt to utilize the website unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

17. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

18. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website as described above. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to access the website to

avail herself of the benefits, advantages, goods and services therein, and/or to assure herself that this website is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the website without fear of discrimination.

19. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

20. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter its website to make it readily accessible to and usable by Plaintiff and other persons with vision impairment.

22. As a result of the foregoing, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorneys' fees, costs and litigation expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

**WHEREFORE,** Plaintiff respectfully requests:

i. The Court issue a Declaratory Judgment that determines that the Defendant's website at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

j. The Court issue a Declaratory Judgment that determines that the Defendant's website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

k. The Court issue a Declaratory Judgment that Defendant has violated the ADA by

failing to monitor and maintain its website to ensure that it is readily accessible to and usable by persons with vision impairment;

l. That this Court issue an Order directing Defendant to alter its website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

m. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

n. That this Court enter an Order directing Defendant to continually update and maintain its website to ensure that it remains fully accessible to and usable by visually impaired individuals;

o. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

p. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted on this October 25, 2022.

By: /s/ J. Courtney Cunningham
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC.
8950 SW 74th Court, Suite 2201
Miami, FL 33156
T: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com